IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE HARTFORD,<br>　　　　　Plaintiff<br><br>　　　v.<br><br>KEYSTONE AUTOMOTIVE<br>OPERATIONS and<br>CHARLES DAVIS,<br>　　　　　Defendants | No. 3:06cv465<br><br>(Judge Munley) |

## MEMORANDUM

　　　Before the court for disposition is Defendant Charles Davis's motion to dismiss for lack of jurisdiction. The matter has been fully briefed and is ripe for disposition. For the reasons that follow, the motion to dismiss will be granted.

**Background**[1]

　　　Defendant Charles Davis was involved in a motor vehicle accident on September 9, 2005, while operating a tractor trailer owned by Defendant Keystone Automotive Operations (hereinafter "Keystone"). The accident occurred on northbound Interstate 81 in Syracuse, New York. Another motorist, John Kubis, negligently caused the accident by forcing the tractor trailer to leave the travel portion of the highway and hit a guardrail. Kubis fled the scene. He was later identified as the result of an investigation by the Syracuse Police Department.

　　　Defendant Davis suffered severe and permanent personal injuries in the accident. Kubis has an automobile insurance policy with liability limits of $25,000.00. This liability coverage limit is insufficient to compensate Defendant Davis for his injuries, thus he is pursuing a claim for

---

　　　[1]These facts are provided solely as background information, and they are derived from Defendant Davis's motion to dismiss. (Doc. 4).

underinsured motorist ("UIM") benefits from the Plaintiff The Hartford, the insurance company that insured the tractor trailer he was operating.  By correspondence dated November 17, 2005, Defendant Davis demanded arbitration of the UIM claim and selected James A. Wetter, as his arbitrator. (Def. Ex. B). The defendant further asked that the insurance company choose their arbitrator.  (Id.).  After not hearing from the plaintiff, Defendant Davis, on December 17, 2005, filed a Writ of Summons against the plaintiff in Luzerne County Court of Common Pleas and also presented a Petition to Appoint Plaintiff's Arbitrator and a Neutral Arbitrator.  (Def. Ex. C).

The Luzerne County Court of Common Pleas appointed Raymond Wendolowski as the neutral arbitrator and issued a Rule Returnable scheduling a hearing on defendant's petition for January 23, 2006.   (Id.).

Plaintiff notified Defendant Davis by correspondence dated January 6, 2006, that Jeffrey Pollock of the Law Office of Harold E. Villetto, would be representing them and that they chose Robert Smith as their arbitrator. (Def. Ex. D).

Although it appeared as if the plaintiff was going to proceed with the state court arbitration, on March 3, 2006, the plaintiff insurance company filed the instant complaint asserting that the subject insurance policy does not provide for UIM coverage.  (Doc. 1).  The complaint seeks a declaratory judgment stating that Hartford is not required to pay Defendant Davis any UIM benefits.  (Doc. 1, Compl. ¶ 21-22).  The complaint further seeks an injunction enjoining Defendant Davis from pursuing UIM benefits through arbitration in the matter pending in the Luzerne County Court of Common Pleas.  (Id. at ¶ 23-24).

2

Defendant Davis filed the instant motion to dismiss for lack of jurisdiction, bringing the case to its present posture.

**Discussion**

Defendant Davis argues the we should abstain from exercising jurisdiction in this declaratory judgment action.  After a careful review, we agree.

The  plaintiff's complaint seeks relief under the Declaratory Judgment Act, 28 U.S.C. § 2201(a), which provides as follows:

"In a case of actual controversy within its jurisdiction. . . any court of the United States, upon filling of an appropriate pleading, *may* declare the rights and other legal relations of any interested party seeking such declaration . ..." (emphasis added).

Even where other jurisdictional prerequisites are met, we may decline to hear an action brought for declaratory relief.[2]  The United States Supreme Court has held "that district courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." Wilton v. Seven Falls Co., 515 U.S. 277, 282 (1995).   The Third Circuit Court of Appeals has indicated that the Declaratory Judgment Act "contemplates that district courts will exercise discretion in determining whether to entertain such actions." State Auto Ins. Co. v. Summy, 234 F.3d 131, 133 (3d Cir. 2001).   In other words, the Declaratory Judgment Act "confers a discretion on the courts rather than an absolute right upon the litigant." Wilton v. Seven Falls Co., 515 U.S. 277, 287 (1995).

---

[2]Plaintiff asserts diversity jurisdiction.

3

We are not unlimited, however, in our discretion not to hear a declaratory judgment action.  When the issues involved in the case include "federal statutory interpretation, the government's choice of a federal forum, an issue of sovereign immunity, or inadequacy of the state proceeding" we should entertain the action.  Summy, 234 F.3d at 134.

Bearing these factors in mind, we must determine whether to entertain the instant case.[3]  The instant action contains no issues of federal law.  It involves solely state insurance law as the plaintiff insurance company seeks a interpretation of the insurance policy at issue.[4]  "The desire of insurance companies and their insureds to receive declarations in federal court on matters of purely state law has no special call on the federal forum." Id. at 136.  Thus, no federal interest is involved in this action.

Another factor examined in cases such as Summy, *supra*, and Wilton, *supra*, was that a parallel state action had been filed dealing with the same issues as the federal cause of action.  In the instant case, although there is a pending arbitration in state court, it does not deal with the same issues as the federal action.  The arbitration deals with the amount of damages Davis is entitled to, and the instant case deals with whether any UIM benefits are available under the policy. Although, the Summy and Wilton courts considered the pendency of the parallel action as a factor in declining to hear a case, they did not hold that a parallel action is a prerequisite to a district court's refusal to entertain an action.  In fact, other courts have held

---

[3]If no motion to dismiss had been filed in the instant case, we could have addressed this issue *sua sponte*.  Summy, 234 F.2d at 136.

[4]The issue is whether the form used by the insurance company for the rejection of UIM coverage is valid.

4

that it is proper to dismiss a declaratory judgment action even where no parallel state case exists. See Nationwide Mutual Ins. Co. v. Yungwirth, No. Civ.A. 04-1681, 2005 WL 3070907 (W.D. Pa. Nov. 15, 2005) (citing Aetna Cas. & Sur. Co. v. Ind-Com Elec. Co., 139 F.3d 419, 423 (4th Cir. 1998); Golden Eagle Ins. Co. v. Travelers Cos., 103 F.3d 750, 754 (9th cir. 1996)); see also Nationwide Mutual Ins. Co. v. Svitescis, No. Civ.A. 05-0369, 2005 WL 3070941 (W.D. Pa. Nov. 16, 2005) (holding same).

  Accordingly, we find that although there is no parallel state court proceeding, does not mean that we should exercise our discretion to hear this case.  The fact that no parallel state court proceeding exists is outweighed by the lack of any federal question in this case. See Yungwirth, 2005 WL 3070907 at * 2.

  Even though no parallel action has been filed in state court, a related action has been instituted - the action for UIM benefits discussed above. The plaintiff seeks an injunction to enjoin Defendant Davis from pursuing that state court action while this action proceeds.   Plaintiff would have us stay a state action while this court decides a related issue in a federal case applying solely state law.   We find that such interference with an ongoing state court action is a factor weighing against exercising our discretion to hear this case.   See Ingersoll-Rand Financial Corp. v. Callison, 844 F.2d 133, 136 n.3 (3d Cir. 1998) (explaining that federal courts should abstain from hearing a case where its jurisdiction has been invoked to restrain ongoing state proceedings).

  Moreover, the issue to be decided by the state court is the validity of the UIM rejection form.  This issue is not a novel issue of state law because the requirements of such forms are well-settled.  See 75 PENN. CONS. STAT.

5

ANN. § 1731 (setting forth the requirements for such a form). In fact, plaintiff asserts in its brief that the state law at issue is well-settled. (Doc. 7-4, Pl. Br. at 12). Where the state law on an issue is firmly establish federal declaratory judgment actions regarding that issue should be rare. <u>Summy</u>, 234 F.3d at 136.

   Thus, based upon all these factors, we will decline to entertain this action and dismiss this case. An appropriate order follows.[5]

---

[5]Plaintiff has also filed an injunction to have us enjoin the defendants from pursuing the arbitration in state court. Because of our ruling that we will not entertain this action, the injunction will be denied also.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **THE HARTFORD,** | : | **No. 3:06cv465** |
|         **Plaintiff** | : | |
| | : | **(Judge Munley)** |
|     v. | : | |
| | : | |
| **KEYSTONE AUTOMOTIVE OPERATIONS and CHARLES DAVIS,** | : | |
|         **Defendants** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## **ORDER**

**AND NOW**, to wit, this 29th day of January 2007, the Defendant Charles Davis's motion to dismiss (Doc. 4) is hereby **GRANTED**. The plaintiff's motion for an injunction (Doc. 14) is **DENIED**. The Clerk of Court is directed to close this case.

                                          **BY THE COURT:**

                                          **s/ James M. Munley
JUDGE JAMES M. MUNLEY
United States District Court**